
USDS SDNY
DOCUMENT cv-07788-HB    Document 10    Filed 02/22/2008    Page 1 of 4
ELECTRONICALLY FILED
DOC #:
DATE FILED:

HAR___ ___ BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

(212) 416-8922

**ANDREW M. CUOMO**
Attorney General

February 12, 2008

**LESLIE G. LEACH**
Executive Deputy Attorney General
Division of State Counsel

**JUNE DUFFY**
Assistant Attorney General in Charge
Litigation Bureau

Hon. Harold Baer, Jr.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **Carter v. DOCS,** 07 Civ. 7788

Dear Judge Baer:

I represent defendants Kudlack, Goulding and Gaynor in the above referenced case. I am writing to request that the case be dismissed for failure to prosecute or in the alternative that a motion schedule seeking dismissal be approved.

The relevant facts and procedural history are summarized below. Plaintiff filed this action on September 4, 2007. On November 1, 2007, the Court held a conference at which time the parties agreed to a pre-trial scheduling order. Plaintiff was advised that he would be sent a copy of the scheduling order as we l as authorizations for the release of his medical records and that he was to sign and forward these documents. On November 2, 2007, I mailed plaintiff a copy of the scheduling order and authorizations for him to sign and forward. On or about November 8, 2007, plaintiff contacted the Court's law clerk by telephone advising that he had spilled coffee on the authorizations and that a new set of authorizations should be sent to him. On November 8, 2007, I faxed plaintiff another set of authorizations to (410) 706-____.

In January, 2008, I telephoned plaintiff at his designated number and left a message that he should contact me. On January 24, 2008, I wrote the Court a letter requesting an extension of the discovery deadline and requesting permission to move to dismiss in the event that plaintiff did not sign the authorizations. I enclosed with my January 24 letter a third set of the authorizations as well as a second copy of the pre-trial scheduling order that plaintiff had failed to sign. By order dated January 25, 2008, the Court extended discovery for thirty days and advised that plaintiff's failure to produce a signed pre-trial

scheduling order and/or the authorizations within ten days would "likely result in a dismissal." District Court Order dated January 25, 2008.

To date, plaintiff has failed to sign the authorizations or the pre-trial scheduling order. Nor has he contacted me requesting an extension of time to do so or explaining his failure to sign the documents.

A district court has the authority under Fed. R. Civ. P. 41(b) to dismiss an action for failure to prosecute and such dismissal will be reviewed for abuse of discretion. Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994). In deciding whether dismissal is warranted the following five factors are considered (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delays; (4) whether the district court has taken care to balance between alleviating court calendar congestion and protecting a party's right to due process and a chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994), citing Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). These factors favor dismissal.

First, despite the ease of signing the authorizations and pre-trial scheduling order, plaintiff has failed to do so for more than three months. Second, plaintiff was clearly advised by the Court's January 25, 2008 order that a failure to sign the authorizations and scheduling order within ten days would "likely result in a dismissal." Third, further delays will prejudice defendants. The Court has indicated that discovery will not be extended beyond the pre-trial scheduling order. Even if plaintiff were to sign the authorizations immediately, it is not likely that defendants can procure plaintiff's medical records and depose plaintiff all within the confines of the Court's amended scheduling order, which now requires that all discovery be completed by April 1, 2008. Fourth, the Court has given adequate consideration to plaintiff's right to due process in its January 25, 2008 order directing plaintiff to sign the authorization and pre-trial scheduling order within ten days. Last, no other sanction other than dismissal is warranted. Plaintiff has had every opportunity to advance his case but he has continuously disregarded court instructions as well as letters from opposing counsel. There is no reason to believe that another warning will result in plaintiff complying with further instructions. Thus, the five factors discussed in Jackson all favor dismissal. For these reasons, defendants request that the instant case be dismissed without

2

prejudice, or in the alternative, that the Court approve
Case 1:07-cv-07788-HB   Document 10   Filed 02/22/2008   Page 3 of 4
defendants' proposed briefing schedule below.

Defendants move by March 4, 2008; plaintiff respond by
March 25, 2008 and defendants reply by April 8, 2008.

Sincerely,

Benjamin Lee
Assistant Attorney General

*[handwritten note, partially legible:]*

The application to dismiss
for failure to prosecute is
granted conditioned on any proposed
order from you to that effect
& served on Pl's attorney (w)
ten days to respond & all requested material
and case will be stricken from
my docket.
SO ORDERED:

Harold Baer, Jr., U.S.D.J.
2/22/08

cc: Trevaughn Carter w/Court's 1/25/08 order

Endorsement:

The application to dismiss for failure to prosecute is granted conditioned on a proposed order from you to that effect and served on plaintiff's attorney with ten days to respond with all requested material or the case will be stricken from my docket.